Margason Law Office
Kerry Margason, Esq., SBN 294590
3870 Ardilla Road
Atascadero, CA 93422
Telephone: 805-441-4545
Email: margasonlaw@gmail.com

Attorney for Plaintiffs Richard and Lori Johnson

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Dean **JOHNSON**, and Lori **JOHNSON**,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF **ATWATER**; Frank PIETRO, in his official and individual capacities; David WALKER, his official and individual capacities; Robert VARGAS, his official and individual capacities; Dayton SNYDER, his official and individual capacities; and, Fabian VELAZQUEZ, in his official and individual capacities<br><br>Defendants. | Case No: 1:16-CV-01636-AWI-SAB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AND REQUEST FOR ATTORNEY'S FEES AND COSTS**<br><br>Date:   June 15, 2018<br>Judge: Hon. Barbara A. McAuliffe<br>Courtroom:   8<br>Time: 9:00 a.m.<br>Trial:   TBS<br><br>WITHOUT ORAL ARGUMENT |

## NOTICE OF MOTION

Please take notice that on June 15, 2018, at 9:00 a.m. or as soon thereafter as the matter can be heard, in the Eastern District of California, located at 2500 Tulare Street, Fresno, California, Courtroom 8, 6th Floor, Plaintiffs Richard and Lori Johnson will and hereby do move this Court, pursuant to California Code of Civil Procedure § 664.6 to enforce the settlement agreement reached on March 27, 2018 in this Court and for attorneys' fees and costs in the amount of $2,000.00 for enforcing the settlement.

-1-
PLAINTIFFS' NOTICE AND MOTION TO ENFORCE SETTLE. AGREEMNT., REQUEST FOR ATTYS' FEES AND COSTS

1  This motion is based upon the oral settlement agreement reached March 27,
2  2018, giving this Court jurisdiction under C.C.P. § 664.6 to enforce the settlement.

4  DATED: May 14, 2018          Margason Law Office

6                               /s/ Kerry Margason
                                Kerry Margason, Esq.

PLAINTIFFS' NOTICE AND MOTION TO ENFORCE SETTLE. AGREEMNT., REQUEST FOR ATTYS' FEES AND COSTS

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

### I. INTRODUCTION

Plaintiffs and Defendants reached a settlement agreement ("Agreement"), in this Court, on March 27, 2018. All parties were individually informed, by the Court, that once the Agreement was read into the record, the Court would enforce the Agreement. Each party was individually asked and consented to the Agreement. After the Court read the Agreement into the record and the parties were excused, the Defendants decided there was no meeting of the minds and requested another hearing before the Court that afternoon.

At the afternoon hearing, Defense contended that Plaintiffs may have other, future claims that were not addressed during the morning negotiations, but Defense expected the Agreement to include any such nonspecific, future claims. Plaintiffs responded that it was their understanding and agreement that all claims up to, and including, incidents on or before October 9, 2017, were included in the settlement negotiations. Defense continued to argue for unknown, nonspecific, future claims Plaintiffs might bring and that Defense never spoke of during the negotiation process.

The Court allowed Defense to file a Post-Settlement Conference Filing Indicating No Meeting of the Minds Between the Parties (Doc. 57). Plaintiffs dispute there was no meeting of the minds. Plaintiffs were clear, and believed Defendants were clear, that the Settlement Agreement addressed all claims, expressed and unexpressed, through October 9, 2017.

Plaintiffs argue there was a meeting of the minds as evidenced in the Court transcript attached here to as Exhibit A and incorporated herein. The Settlement Agreement should be enforced between the parties as negotiated and entered into the record.

///

## II.     STATEMENT OF THE FACTS

The parties entered into a settlement agreement during a settlement conference mediated by this Court on March 27, 2018.

At the completion of the negotiations, Honorable Barbara A. McAuliffe called the case and went on the record. Her Honor then proceeded to ask all parties if there were any questions, and stated that once the terms of the settlement were read into the record, all parties would be bound by the terms. (Settle. Conf. Transcr. 3:2, Mar. 27, 2018.)

As stated in the record, the terms of the settlement were as follows:

1.     Defendants to pay to Plaintiffs $75,000. (*Id.* at 4:10, Mar. 27, 2018.)

2.     The $75,000 represented settlement of all claims involved in Case No. 1:16-cv-01636 against Defendants Walker and Velazquez. (*Id.* at 4:13-14, Mar. 27, 2018.)

3.     The $75,000 also represented settlement of all claims arising from the October 9, 2017, incident. (*Id.* at 4:15, Mar. 27, 2018.)

4.     The $75,000 also represented settlement of all claims arising from an incident in September 2017 regarding payment of a water bill. (*Id.* at 5:4-21, Mar. 27, 2018.)

5.     The Court specifically retained jurisdiction of the proceedings (Id. at 11:9-9, Mar. 27, 2018).

The Court asked each party to the agreement if they understood that once the Settlement Provisions were placed in the record, it would be binding. Each party responded affirmatively, including Mr. Wilkerson, the agent for the Defendants. (*Id.* at 3:7-9; 3:11-13; 4:1-3, Mar. 27, 2018.)

Defense counsel asked the Court to clarify the provision regarding the September 2017 incident. After the Court clarified these provisions, the Court asked defense counsel if further clarification was needed, defense responded "no." (*Id.* at

5:24, Mar. 27, 2018.)

The Court retained jurisdiction to enforce the settlement and vacated all future dates related to claims. (*Id.* at 11:8-13, Mar. 27, 2018.)

Defense then requested that the parties be heard again to expand the negotiated terms of the Agreement to include future time periods.

The Court allowed the parties to be heard again in the afternoon at approximately 2:25 p.m. Counsel made their appearances and Defense Counsel explained his request for further proceedings by stating: "… claims within the relevant time period that Plaintiffs don't intend to have this settlement cover, which is counter to what defense thought." (*Id.* at 13:4-6, Mar. 27, 2018.)

The Court then stated her understanding of the negotiations that were held by the parties were to include "…everything that occurred prior to the October – anything related – anything past, from October 2017 to the past. I didn't understand it to be from October to the present." (Id. at 17:6-10, Mar. 27, 2018).

Plaintiffs were not then, nor are they now, withholding any claims or potential from the settlement agreement during the relevant time period.

Based on the transcript of the proceedings, it is clear there was a meeting of the minds. The Court was clear that the settlement was to include all claims currently being litigated, and any and all claims arising out of any incidents on or before October 9, 2017 and Plaintiffs were and continue to be in agreement with the terms of the Settlement Agreement as stated into the record.

### III. ARGUMENT

#### A. This Court has Authority Pursuant to C.C.P. § 664.6 to Enforce the Settlement Agreement Between the Parties

A federal district court has the equitable authority and broad discretion to summarily enforce a complete settlement agreement to settle a case that is pending

before the court. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (internal citations omitted). If the Court determines that the parties entered into an enforceable settlement, the Court should grant the motion. *Hines v. Lukes*, 167 Cal.App.4th 1174 (2008).

"It is undisputed that a stipulated settlement presented orally by the party litigants or their counsel to a judge, in the course of a settlement conference supervised by that judge, satisfies the "before the court" requirement of C.C.P. § 664.6. *In re: Marriage of Assemi*, 972 P.2d 1190 (Cal. Sup. Ct. 1994) (internal citations omitted). Upon motion to enforce a settlement agreement pursuant to C.C.P. § 664.6, the Court may enter judgment pursuant to the terms of the settlement, where the parties to the litigation, stipulated orally before the Court, to the terms of the agreement for settlement of the case. C.C.P. § 664.6.

Here, the pending litigation is Case 1:16-cv-01636-AWI-SAB. The Court held a settlement conference and mediated negotiations between the parties. At the conclusion of the negotiations, the Court went on the record and stated the terms of the Agreement. All parties to the negotiations were given the opportunity to ask the Court for clarification of all terms or other issues and each party individually gave their oral consent to the Court to be bound by the terms of the Agreement, as read into the record.

Judgment for the plaintiffs should be granted because the requirements of C.C.P. § 664.6 are all met.

**B. The Settlement is a Complete Agreement and the Agreement Contains All Necessary Requirements**

The elements for an enforceable settlement agreement are established by the legal principles applicable to contracts generally. *Gorman v. Holte* 164 Cal.App.3 984, 988 (1985). One of the essential elements of an enforceable contract is mutual

consent. *Weddington Productions, Inc. v. Flick*, 60 Cal.App.4th 793, 810 (1998). All parties must agree upon the same thing in the same sense. *Id.*

Here, the Court specifically stated the Settlement Agreement was to cover all pending litigation and the events of September and October 2017. Each party agreed to this term. Defendants asked for clarification on the September 2017 events and were satisfied with the response from the Court. At no time did Defendants indicate an intent to extend the time period of the Settlement Agreement past October 2017. After the hearing was conducted, and the terms of the agreement were placed into the record, Defendants determined that they wanted the Agreement to cover a future time period and asked for an additional hearing.

At the afternoon hearing, Plaintiffs and the Court stated it was their understanding that the terms of the Agreement were to encompass all events through October 2017 (Settle. Conf. Transcr. 17:6-7, Mar. 27, 2018). Plaintiffs reiterated it was also their understanding that all claims through October 9, 2017 were included in the settlement. Defendants claimed they were asking for the settlement period to include the time from October 10, 2017 to the present March 27, 2018. This timeframe was never negotiated, nor was it included in the terms of the Agreement.

Plaintiffs, at all times, intended to settle any and all claims through October 2017, that is what the Court read into the record, that is what Defendants agreed to and that is what should now be enforced.

Moreover, the Court specifically retained jurisdiction over the Settlement Agreement because the Court had been involved in the negotiations.

### IV.   CONCLUSION

Plaintiffs respectfully request this Court grant this Motion to Enforce Settlement, arising out of the Agreement entered into in open court and read into the record on March 27, 2018 and mutually agreed to by all parties.

1  Plaintiffs also ask for reasonable attorney's fees and costs in the amount of
2  $2,000 as a result of Defendants forcing Plaintiffs to bring this motion.
3
4 **V. PROPOSED ORDER**
5  A copy of the proposed order granting the relief sought is attached.
6
7  Dated: May 14, 2018            MARGASON LAW OFFICE
8
9
10                                  By: /s/ Kerry Margason
                                        Kerry Margason
11                                      Attorney for Plaintiffs
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28