Kyle R. Bevan SBN 294877
**FERGUSON, PRAET & SHERMAN**
A Professional Corporation
1631 East 18th Street
Santa Ana, California  92705-7101
(714) 953-5300 telephone
(714) 953-1143 facsimile
Kbevan@law4cops.com

Attorney for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DEAN JOHNSON, AND LORI JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ATWATER, et al.,<br><br>Defendants. | NO. 1:16-cv-01636 AWI SAB<br><br>**DEFENDANTS' CITY OF ATWATER, FRANK PIETRO, DAVID WALKER, ROBERT VARGAS, DAYTON SNYDER, AND FABIAN VELASQUEZ, OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT PURSUANT TO CCP § 664.6**<br><br>**TELEPHONIC APPEARANCE REQUESTED**<br><br>**DATE: July 27, 2018**<br>**TIME:  9:00 a.m.**<br>**CTRM: 8** |

    Defendants, City of Atwater, Frank Pietro, David Walker, Robert Vargas, Dayton Snyder, and Fabian Velasquez submit the following Opposition re Plaintiffs' Motion to Enforce Settlement and Request for Attorney Fees (Dkt. No. 66).

    Defendants respectfully request a telephonic hearing.

///

///

_____

### A.     BRIEF STATEMENT OF THE FACTS

On March 27, 2018, the parties appeared before the Honorable Judge Barbara A. McAuliffe for a Settlement Conference. Defendants participated in good faith and believed after the morning session of the Settlement Conference that a resolution had been reached between the parties.

Defendants believed, based upon the discussions that occurred during the Settlement Conference, Plaintiffs were interested in settling all potential claims and/or causes of action against the named Defendants remaining in this case as well as against the City of Atwater and all of its employees. Defendants' offer to settle unequivocally represented that understanding.

After the morning session, however, Defendants became concerned that Plaintiffs had not been entirely forthright with the Court or Defendants regarding all potential claims they intended to pursue against the City of Atwater and its employees. Defendants' concerns were based upon the discussion between the parties' counsel following the morning session. Defendants requested that the Court allow the parties to appear again in the afternoon to clear up any ambiguities or misunderstandings. The Court graciously allowed the parties to appear again in the afternoon.

When the parties appeared before the Court again in the afternoon, it was clear that Defendants' concerns were well founded. Plaintiffs indicated their intent to pursue further claims outside of those discussed during the morning session of the Settlement Conference. Due to this new information, Defendants indicated there was no meeting of the minds with regard to the morning's settlement discussions. Comments made on behalf of Plaintiffs also made this very clear, as Plaintiffs' counsel appeared to suggest Plaintiffs intended to pursue additional claims or lawsuits against the City of Atwater and/or its employees. After the Settlement Conference, Plaintiffs solidified

///

that intent by informally making a higher offer for a "global settlement" than the amount that the parties discussed at the Settlement Conference.

At the Conclusion of the Settlement Conference, the Court indicated that Defendants had the option of filing a motion to enforce the Settlement Agreement that was perceived by the Court in the morning, or accepting that there was no meeting of the minds between the parties.

### B.     THERE WAS NO MEETING OF THE MINDS

Defendants respectfully request that this Court find there was no meeting of the minds between the parties, and therefore no settlement to enforce. Attached to this motion as "Attachment A" is a true and correct copy of Dkt. No. 66-1, a transcript of the March 27, 2018 proceedings before the Honorable Judge McAuliffe. Even this Court, in its afternoon session, appeared to understand that something must have been lost in translation between Plaintiffs and Defendants during their morning settlement discussions. *See generally* Attachment A, pp. 13-16 and p. 18, ln. 5-14. Indeed, Plaintiffs have recently filed another lawsuit against the City of Atwater and various Atwater employees (1:18-cv-00920-DAD-SAB) which seems closely related to the instant lawsuit. Although Plaintiffs' counsel represented to the Court that her outstanding claims have "nothing to do" with "the water bill" or "these prior conflicts [Plaintiffs have] had with the City," it appears Plaintiffs' new lawsuit arises from the same general constellation of facts as the instant lawsuit. *Compare* Attachment A, p. 17, ln. 17-25 *with* 1:18-cv-00920-DAD-SAB, ¶29-54 and Plaintiffs' enumerated causes of action. Attached to this motion as "Attachment B" is a true and correct copy of Plaintiffs' Complaint and Request for Injunctive Relief, Dkt. No. 1, in case 1:18-cv-00920-DAD-SAB.[1]

///

---

[1] The City has retained a different law firm to defend the new filing.

**C.     CONCLUSION**

Defendants respectfully request that this Court find there was no meeting of the minds between the parties at the Settlement Agreement.

Dated: July 13, 2018                FERGUSON, PRAET & SHERMAN
                                    A Professional Corporation

                                    /s/ Kyle R. Bevan
                                    Kyle R. Bevan
                                    Attorneys for Defendants