# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DEAN JOHNSON, and LORI JOHNSON<br><br>    **Plaintiffs**<br><br>    v.<br><br>CITY OF ATWATER; and FRANK PIETRO; DAVID WALKER; ROBERT VARGAS; DALTON SNYDER; and FABIAN VELASQUEZ,<br>**Each in his official and individual capacities;**<br><br>    **Defendants** | CASE NO. 1:16-CV-1636 AWI SAB<br><br>SUPPLEMENTAL PRETRIAL ORDER<br><br>Motions In Limine Hearing and Trial Confirmation:<br>    January 14, 2019<br>    1:30 PM, Courtroom 2<br><br>Trial:  January 29, 2019<br>        8:30 AM, Courtroom 2 |

On September 25, 2018, the Court issued its pretrial order, setting forth the rules of conduct and schedule for all issues leading up to trial. *See* Doc. No. 77. Included in this pretrial order was a briefing schedule for motions in limine, as follows:

> The hearing for motions in limine will be held at 1:30 PM on January 14, 2019. In addition to addressing any filed motions in limine, at that time the court will also settle, to the extent possible, any other matter pertaining to the conduct of the trial.
> The parties are expected to be fully cognizant of the legal issues involved in the case by the date of the hearing for motions in limine.
> By 4:00 PM on December 10, 2018, all motions in limine, with supporting points and authorities, shall be filed and served either personally or by facsimile upon opposing parties.
> By 4:00 PM on December 21, 2018, opposition to any motion in limine shall be filed and served either personally or by facsimile upon opposing parties. If a party does not oppose a motion in limine, that party shall file and serve in the same manner a Statement of Non-Opposition to that motion in limine.
> By 4:00 PM on January 4, 2019, any reply to an opposition shall be filed and served either personally or by facsimile upon opposing parties.

*See Id.* at p. 21.

The Court noted in its pretrial order that the parties had identified the following issues as potential subjects for limine motions:

> **D. Plaintiffs' Disputed Evidentiary Issues**
> 1. Requesting evidence of Code Enforcement Officer Velazquez's continued visits to the Johnson residence after the November 30, 2015 incident and after the ruling of the Administrative Hearing Officer;
> 2 Allowing evidence of Plaintiff Richard Johnson's mental illness;
> 3. Allowing evidence of Defendants' knowledge of Plaintiff Richard Johnson's mental illness prior to the incidents of October 6, 2015 and November 30, 2015;
> 4. Exclusion of impeachment evidence of either Plaintiff based upon prior acts or conduct;
> 5. Allowing evidence of damages to Plaintiff Lori Johnson who was also deprived of her First Amendment rights with the taking of the signs, and required medical assistance on November 30, 2015;
> 6. Allowing the testimony of Plaintiff Richard Johnson's mental health care provider.
>
> **E. Defendants' Disputed Evidentiary Issues**
> 1. Excluding any evidence of any medical billing without proper foundation
> 2. Excluding any evidence of Plaintiffs' prior or subsequent disputes with the City and its employees as irrelevant to the causes of action alleged in the Complaint;
> 3. A request to admonish Plaintiffs to not testify to obvious hearsay from unnamed sources (e.g. "I've heard people say…"), as they frequently did during their depositions;
> 4. Excluding any evidence of Plaintiff Richard Johnson's alleged "mental illness" as irrelevant;
> 5. Should the Court deem any evidence of Plaintiff Richard Johnson's mental illness relevant, excluding that evidence without proper foundation from a qualified witness;
> 6. Excluding any evidence of any medical diagnosis, conditions, and treatment sought or received by Plaintiffs without proper foundation from a qualified witness as hearsay;
> 7. Excluding all medical records of either Plaintiff without appropriate foundation;
> 8. Admission of impeachment evidence of Plaintiffs based upon prior acts or conduct;
> 9. Excluding all medical records not timely disclosed in discovery;
> 10. Excluding any reference to damages relating to any injury caused to Plaintiff Lori Johnson as she is only a named Plaintiff in the Fourth Cause of Action in Plaintiff's Second Amended Complaint and there is no evidence nor allegation of how any alleged First Amendment Violation caused any injury to Plaintiff Lori Johnson.

*See Id*. at p. 6-7, see also Doc. No. 45 (Joint Pretrial Statement). However, counsel for both parties have since informed the Court that they do not intend to submit motions in limine.

The Court is concerned that some of these issues require resolution prior to the start of trial. Particularly, the Court is concerned about the numerous disputes over evidence of Mr. Johnson's mental health and its relevance to Plaintiffs' claims. If the parties have reached an agreement to exclude each of these issues, they should inform the Court as much. If, however, there is no agreement on any of the issues, the Court will require briefing. An expedited briefing schedule is set in the order section below, and is designed to both accommodate the holiday schedule as well as maintain the trial schedule, as set forth in the Pretrial Order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The parties shall jointly inform the Court, by December 21, 2018, 2:00p.m., of any issues previously identified as "disputed evidentiary issues" that are no longer in dispute because the propounding party no longer intends to rely upon this evidence at trial;

2. For any previously-identified "disputed evidentiary issues" that a party still intends to rely upon at trial, the opposing party will submit a motion in limine (with corresponding points and authorities) to the Court by December 28, 2018, with opposition from the propounding party due January 4, 2019 and any opposition reply due January 9, 2019.

IT IS SO ORDERED.

Dated:   December 18, 2018                    _____
                                                SENIOR DISTRICT JUDGE