Kyle R. Bevan SBN 294877
**FERGUSON, PRAET & SHERMAN**
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705-7101
(714) 953-5300 telephone
(714) 953-1143 facsimile
kbevan@law4cops.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DEAN JOHNSON, AND LORI JOHNSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF ATWATER, et al,<br><br>　　　　Defendants. | NO. 1:16-cv-01636 AWI SAB<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE re: PLAINTIFF RICHARD JOHNSON'S "MENTAL HEALTH" ISSUES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**MOTION: January 14, 2019**<br>**TIME : 1:30 p.m.**<br>**CTRM: 2**<br><br>**TRIAL: January 29, 2019**<br>**TIME:  9:00 a.m.**<br>**CTRM: 2**<br><br>**Judge Anthony W. Ishii** |

///

TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on January 14, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 2, of the United States Courthouse, located at 2500 Tulare St., Fresno, California, Defendants will and hereby do move this Court *in limine* for an order to instruct Plaintiffs, their counsel and witnesses, on the following matters:

1. That Plaintiffs nor their counsel may not attempt to introduce any evidence or raise any argument regarding Plaintiff Richard Johnson's alleged mental health issues, and to exclude any witnesses who Plaintiffs anticipate will testify as to these matters.

Any comment or the attempted introduction of the above evidence will be improper and highly prejudicial to the Defendants. Even if the Court sustained an objection to the evidence at trial and instructed the jury to disregard it, the evidence would be so prejudicial that the Defendants could not receive a fair trial.

Accordingly, the Defendants ask this Court for an order admonishing Plaintiffs, their counsel and their witnesses, not to attempt to introduce such evidence in any form, and not to suggest, comment directly or indirectly on, or refer to, the evidence in any way before the jury without first obtaining the Court's permission.

The Court is further requested to direct Plaintiffs' counsel to caution, warn, and instruct Plaintiffs' witnesses not to make any reference to such evidence and to follow the same order.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all exhibits, all the pleadings and papers on file herein, any evidence of which the Court takes judicial notice of prior to or at the hearing of this matter, and on any oral or documentary evidence that may be presented at the hearing of this motion.

DATED: December 28, 2018            FERGUSON, PRAET & SHERMAN
                                     A Professional Corporation


                                    By:   /s/ Kyle R. Bevan
                                          Kyle R. Bevan
                                          Attorneys for Defendants

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PREFATORY STATEMENT**

Plaintiffs intend to present evidence of Richard Johnson's alleged "mental illness" (Second Amended Complaint, par. 97; see generally Pretrial Order). Plaintiffs have not produced any documents in discovery to support any such claims. Plaintiffs have never even articulated what "mental illness" or illnesses Richard Johnson allegedly suffers from. Even if articulated, Plaintiffs cannot establish the relevance of any of Richard Johnson's mental illnesses to the claims remaining at issue in this case. Finally, if the Court does determine Richard Johnson's mental illness(es) to be relevant, such evidence and argument may be substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, or undue delay. For this reason, Defendants respectfully request an Order: (1) excluding non-retained treating provider Jorge Urbina; (2) precluding Richard Johnson and Lori Johnson from testifying about Richard's mental illness; and (3) precluding Plaintiffs' counsel from making any arguments regarding Richard's mental illness.

**II.   EVIDENCE REGARDING RICHARD JOHNSON'S MENTAL ILLNESS SHOULD BE EXCLUDED BECAUSE IT HAS NOT BEEN PRODUCED IN DISCOVERY**

Plaintiffs have not produced any documents from the office of Jorge Urbina, the "mental health care provider" they intend to call as a witness at trial, and should therefore not be able to call Mr. Urbina as a witness at trial. Pursuant to Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information...as required by Rule 26(a) or (e), the party is not allowed to use that information...to supply evidence...at a trial, unless the failure was substantially justified or is harmless." Here, Plaintiff has not provided any information from Mr. Urbina's office; allowing him to testify without having

produced any records would deprive Defendants of the opportunity to meaningfully cross-examine him. Furthermore, the failure was not substantially justified nor harmless. Because of Plaintiffs' noncompliance with Fed. R. Civ. Proc. 37(c)(1), the Court should prohibit Jorge Urbina from testifying at trial.

### III. EVIDENCE OF RICHARD JOHNSON'S MENTAL ILLNESS SHOULD BE EXCLUDED BECAUSE IT IS IRRELEVANT

Plaintiff Richard Johnson's alleged mental illness, if any, should be excluded because it is irrelevant to any of the claims or defenses in this case. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Plaintiff Richard Johnson claims he suffers from "bipolar, explosive anger, [and] depression." (Attachment "A", deposition transcript of Richard Johnson, p. 24). He also believes he suffers from "ADHD" but does not know whether he's been diagnosed with it. (Attachment A, p. 33.) Plaintiff Lori Johnson believes her husband was diagnosed with "bipolar and ADHD and explosive anger" not by Jorge Urbina but instead by a Dr. Castillo. (Attachment "B", deposition transcript of Lori Johnson, p. 15.) Plaintiffs cannot supply a reason such evidence – which is completely unsupported by any documentation – is relevant to any claim or defense in this case. The Court should find evidence of any of Richard Johnson's diagnoses irrelevant and preclude Plaintiffs from mentioning them.

### IV. EVIDENCE OF RICHARD JOHNSON'S MENTAL ILLNESS SHOULD BE EXCLUDED UNDER FED. R. EVID. 403

If the Court does find Richard Johnson's mental illness relevant, the Court should nevertheless exclude such evidence and argument pursuant to Fed. R. Evid. 403. FRE 403 states: "The court may exclude relevant evidence

1  if its probative value is substantially outweighed by a danger of one or more
2  of the following: unfair prejudice, confusing the issues, misleading the jury,
3  undue delay, wasting time, or needlessly presenting cumulative evidence."
4  Here, the need to explore the depths of Richard Johnson's mental illness –
5  particularly since nothing related to it has been produced in discovery – will
6  doubtless be confusing, misleading, and wasteful of time. Further, any
7  argument that Defendants targeted or singled out Richard Johnson because of
8  his mental illness would be unfairly prejudicial to Defendants. The Court
9  should, if necessary, exclude such evidence under Fed. R. Evid. 403.

## V.   CONCLUSION

For the foregoing reasons, the Court should exclude any evidence of Richard Johnson's mental illness, any argument related to mental illness, and should preclude Jorge Urbina from testifying at trial.

Dated: December 28, 2018        FERGUSON, PRAET & SHERMAN
                                A Professional Corporation

                                 /s/ Kyle R. Bevan
                                Kyle. R. Bevan
                                Attorneys for Defendants