Kyle R. Bevan SBN 294877
**FERGUSON, PRAET & SHERMAN**
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705-7101
(714) 953-5300 telephone
(714) 953-1143 facsimile
kbevan@law4cops.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DEAN JOHNSON, AND LORI JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ATWATER, et al,<br><br>Defendants. | NO. 1:16-cv-01636 AWI SAB<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE re: ALLEGED CONTINUING SURVEILLANCE BY CITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**MOTION: January 14, 2019**<br>**TIME : 1:30 p.m.**<br>**CTRM: 2**<br><br>**TRIAL: January 29, 2019**<br>**TIME: 9:00 a.m.**<br>**CTRM: 2**<br><br>**Judge Anthony W. Ishii** |

///

TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on January 14, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 2, of the United States Courthouse, located at 2500 Tulare St., Fresno, California, Defendants will and hereby do move this Court *in limine* for an order to instruct Plaintiffs, their counsel and witnesses, on the following matters:

_____

1.	That Plaintiffs nor their counsel may not attempt to introduce any evidence or raise any argument regarding any alleged surveillance by the City of their residence from the period of December 2, 2015 through February 9, 2016.

Any comment or the attempted introduction of the above evidence will be improper and highly prejudicial to the Defendants. Even if the Court sustained an objection to the evidence at trial and instructed the jury to disregard it, the evidence would be so prejudicial that the Defendants could not receive a fair trial.

Accordingly, the Defendants ask this Court for an order admonishing Plaintiffs, their counsel and their witnesses, not to attempt to introduce such evidence in any form, and not to suggest, comment directly or indirectly on, or refer to, the evidence in any way before the jury without first obtaining the Court's permission.

The Court is further requested to direct Plaintiffs' counsel to caution, warn, and instruct Plaintiffs' witnesses not to make any reference to such evidence and to follow the same order.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all exhibits, all the pleadings and papers on file herein, any evidence of which the Court takes judicial notice of prior to or at the hearing of this matter, and on any oral or documentary evidence that may be presented at the hearing of this motion.

DATED: December 28, 2018         FERGUSON, PRAET & SHERMAN
                                  A Professional Corporation


                                 By:   /s/ Kyle R. Bevan
                                       Kyle R. Bevan
                                       Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PREFATORY STATEMENT

Plaintiffs are seeking unspecified damages for alleged surveillance by the City of their residence from the period of December 2, 2015. Plaintiffs have never produced anything in discovery indicating they suffered damage nor sought treatment as a result of this purported spying. Plaintiffs now seek to improperly shoehorn these facts into a Bane Act claim.

## II. PLAINTIFFS CANNOT RECOVER UNDER THE BANE ACT

Plaintiffs' claim that Defendant Velazquez "continued to visit and/or watch Plaintiffs' property in an effort to intimidate and harass them" (Plaintiffs' Trial Brief, Dkt. No. 80, p. 4) does not entitle them to damages. The Tom Bane Civil Rights Act, California Civil Code section 52.1, permits an individual to pursue a civil action for damages where another person "interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., "threat[], intimidation or coercion"), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *King v. State of California* (2015) 242 Cal.App.4th 265,294 [195 Cal.Rptr.3d 286], internal citation omitted.) The jury instruction on point provides that a plaintiff must also prove he suffered harm as a result of any threat, intimidation, or coercion, AND that a defendant's conduct was a substantial factor in causing plaintiff's harm. Judicial Council of California Civil Jury Instructions No. 3066. Here, even if Plaintiffs could show the City surveilled them, they cannot prove harm or a

nexus between the surveillance and harm. The Court should exclude evidence and argument on this topic.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request a Court Order prohibiting attempt to introduce any evidence or raise any argument regarding any alleged surveillance by the City of their residence from the period of December 2, 2015 through February 9, 2016.

///

Dated: December 28, 2018          FERGUSON, PRAET & SHERMAN
                                  A Professional Corporation


                                   /s/ Kyle R. Bevan
                                  Kyle. R. Bevan
                                  Attorneys for Defendants