```
Margason Law Office
Kerry Margason, SBN 294590
3870 Ardilla Road
Atascadero, CA 93422
Telephone: 805-441-4545
Email: margasonlaw@gmail.com
```

Attorney for Plaintiffs Richard and Lori Johnson

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Dean **JOHNSON**, and Lori **JOHNSON**,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF **ATWATER**, et al.,<br><br>    Defendants. | Case No: 1:16-CV-01636-AWI-SAB<br><br>**PLAINTIFFS' OPPOSITION AND OBJECTIONS TO DEFENDANTS' MOTION IN LIMINE NOS. 1-2**<br><br>Dept:       8th Flr., Crtrm 2<br>Judge:      Hon. Anthony W. Ishii<br><br>Motion Hrg: January 14, 2019<br>Time:       1:30 p.m.<br><br>Trial Date: January 29, 2019<br>Trial Time: 8:30 a.m. |

Plaintiffs hereby file their opposition to Defendants' two motions *in limine*.

**I.   Defendants' Motion in Limine No. 1 requesting exclusion of testimony from Dr. Jorge Urbina should be denied, because the evidence is relevant and Defendants were aware that Merced County Mental Health was a possible witness and Counsel for both parties had discussed Dr. Urbina as a potential witness.**

   In Motion in Limine No. 1, the Defendants seek to preclude evidence establishing that defendants' had prior knowledge of Plaintiff Richard Johnson's mental health issues. Plaintiffs' intend to call Dr. Jorge Urbina for the limited purposes of impeaching defendants, if they deny knowledge of Plaintiff Richard's mental health issues.

   Defendants contend that Plaintiffs failed to provide and/or disclose the potential for Dr. Jorge Urbina, to testify regarding Richard Johnson's mental health status.

Plaintiffs did provide, at the beginning of this action, their intent to call someone from Merced County Mental Health (Plaintiff Lori Johnson's Objections and Responses to Defendant City of Atwater's First Set of Requests for Production of Documents, Request for Production No. 6, Potential Additional Witnesses).  Doctor Urbina was further identified as a potential witness in our Pre-trial Brief (Doc. 46, p. 18, filed 02/02/2018).

Evidence is relevant when it has the tendency to make a fact more or less probable.  (Fed. R. Evid. 401.)  Defendants' prior knowledge of Plaintiff Richard's mental health issues goes to show the intent Defendants' had when taking the actions that are now in question on October 6, 2015, November 30, 2015 and follow up actions by Defendant Velazquez through February 2016.

Dr. Urbina's impeachment testimony, if warranted, should be admitted.

**II.    Defendants' Motion in Limine No. 2 attempts to limit the threatening, intimidating and coercive actions taken by Defendant Velazquez and should be denied.**

Defendants claim there is no harm done to Plaintiffs when they find themselves subject to ongoing surveillance because they are exercising their First Amendment rights.  Defendants apparently don't think it is intimidating to constantly be under the eye of law enforcement, even after law enforcement has been informed that Plaintiffs are within their rights.

"The Bane Act permits an individual to pursue a civil action for damages where another person "interferes by threat, intimidation, or coercion, or *attempts* to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." (Civ. Code, § 52.1, subd. (a).) *King v. State*, 242 Cal. App. 4th 265, 294 (Cal. Ct. App. 2015) (emphasis added).

Here, Defendant Velazquez did interfere with Plaintiffs' rights and then, after Plaintiffs followed all the rules and it was agreed that Plaintiffs were within their rights, Defendant Velazquez continued to attempt to interfere with those rights through

intimidation of the Plaintiffs.

All of Defendant Velazquez's actions are relevant and should be admitted into evidence.

### III. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court deny Defendants' requests for Motions in Limine No. 1 and 2 in their entirety.

Dated: January 4, 2019         **MARGASON LAW OFFICE**

By: /s/ Kerry Margason
Kerry Margason, Esq.
Attorney for Plaintiffs