# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD DEAN JOHNSON, and LORI JOHNSON,**<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF ATWATER, et al,**<br>**Defendants,**<br><br>**Defendants** | CASE NO. 1:16-CV-1636 AWI SAB<br><br>**ORDER ON PARTIES' MOTIONS IN LIMINE**<br><br>(Doc. Nos. 81, 82, 85) |

    Plaintiffs Richard and Lori Johnson are proceeding to trial on four claims, each arising from a continuing dispute between them and the City of Atwater over the non-payment of water bills. Against Officer David Walker, the Johnsons allege a Fourth Amendment claim under 42 U.S.C. § 1983 for "unlawful/unreasonable seizure and detention" and a claim for False Arrest/Imprisonment under California law. Against Code Enforcement Officer Fabian Velazquez, the Johnsons allege a First Amendment claim under § 1983 and the California Bane Act.

    The Parties have presented three issues in their motions in limine. The Court finds:

(I)    As to Defendants' motion concerning evidence, argument, and witnesses regarding Richard Johnson's "mental health issues," the issue is irrelevant to Plaintiffs' remaining claims and will be excluded;

(II)    As to the Parties cross motions concerning evidence of alleged surveillance by Officer Velazquez, the issue appears relevant to Code Officer Velazquez's chilling and interference with Plaintiffs' First Amendment rights, and so will not be excluded at this time, nor will this evidence be affirmatively admitted at this time; and

(III)    As to Plaintiffs' motion to admit evidence of damages suffered by Lori Johnson "by way of hospitalization and deprivation of her First Amendment rights," the motion will be denied to the extent that it calls for an order affirmatively admitting this evidence.

*Background*[1]

This case arises from a continuing dispute between the Johnsons and the City of Atwater over the non-payment of a water bill. October 6, 2015, Mr. Johnson went to city hall to contest his bill. While there, he argued with a city official, and was arrested by Officer Walker for disturbing the peace. He was booked and subsequently released.

Thereafter, the Johnsons placed a number of signs in the front yard of their residence protesting the City's actions during the dispute. Code Officer Velazquez informally contacted the Johnsons multiple times to discuss removal of the signs, believing the signs violated the Atwater Municipal Code; the Johnsons maintained they had a free-speech right to display the signs on their property. During these encounters, the Johnsons became increasingly hostile toward Velazquez.

On November 30, 2015, Velazquez went to the Johnsons' residence, accompanied by Atwater police officers, to effectuate removal of the signs. The Johnsons and City officials argued, and a scuffle ensued. Mr. Johnson was eventually secured in the police officers' patrol car, and City officials seized the Johnsons' signs.

Shortly thereafter, the Johnsons installed more protest signs. Code Officer Velazquez returned to the Johnsons' residence to view the signs. In December, the City sent Plaintiffs a formal Notice to Abate. The City's administrative hearing officer then determined the City applied the Code in an unconstitutional manner, and the City ceased attempting to remove the signs. The Johnsons filed a claim for the signs; which was settled for $1200.

The parties are proceeding to trial on four claims:[2] against Officer Walker, (1) a Fourth Amendment violation for unreasonable seizure under 42 U.S.C. § 1983 and (2) a state law claim for false arrest; and against Code Officer Velazquez, (3) a First Amendment free speech violation under § 1983 and (4) interference with free speech rights under Cal. Civ. Code § 52.1.

---

[1] These facts derive from the Joint Pretrial Statement. *See* Doc. No. 46 at p. 2.

[2] The Court notes that the caption still identifies Officer Walker and Code Officer Velazquez as Defendants "in their individual and official capacities." However, given the Court's *Monell* findings in the Order on Defendants' Motion for Summary Judgment, as well as the Court's read of the parties' joint pretrial statement, proposed jury instructions, and trial briefs, this case is proceeding to trial solely on the "individual capacities" claims. *See Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (naming a local government entity and an officer of that entity in his/her official capacity is a redundancy); *Gibson v. U.S.*, 781 F.2d 1334, 1337 (9th Cir. 1986) (in an 'official capacity' § 1983 action, a plaintiff must prove "that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized city policy.").

## *Legal Standards for Motions in Limine*

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions in limine may be "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Id.* at 41 n. 4; *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *see also City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) ("[M]otions in limine[] are useful tools to resolve issues which would otherwise clutter up the trial.").

In *Hana Fin., Inc. v. Hana Bank*, the Ninth Circuit cited with approval the following "standards applicable to motions in limine":

> Judges have broad discretion when ruling on motions in limine. However, a motion in limine should not be used to resolve factual disputes or weigh evidence. To exclude evidence on a motion in limine, the evidence must be inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. This is because although rulings on motions in limine may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence.

735 F.3d 1158, 1162 fn. 4 (9th Cir. 2013) (citing *Goodman v. Las Vegas Metro. Police Dep't*, 963 F.Supp.2d 1036, 1047 (D. Nev. 2013), *rev'd in part on other grounds by* 613 F. App'x 610 (9th Cir. 2015)); *see also Tritchler v. Co. of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004)); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

By resolving a motion in limine, potentially prejudicial evidence may be prevented from being presented to the jury, therefore avoiding the need for the trial judge to attempt to neutralize the taint of prejudicial evidence. *See Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003). However, a court may change its ruling at trial "because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce*, 469 U.S. at 41–42).

## *Legal Standards for Relevance*

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. "Relevancy is not an inherent characteristic of any item of evidence[,] but exists only as a relation between an item of evidence and a matter properly provable in the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008) (quoting Advisory Committee Note for Fed. R. Evid. 401).

Fed. R. Evid. 403 states generally that, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## *Elements of Plaintiffs' Claims; Disputed Evidentiary Issues*

Mr. Johnson asserts two causes of action against Officer Walker: a Fourth Amendment unreasonable seizure claim and a false arrest claim. Under a Fourth Amendment § 1983 claim, any seizure by law enforcement must be reasonable, which is generally determined by balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the government interest at issue." *Weaver v. State of California*, 63 Cal.App.4th 188, 204 (1998). Under California law for false imprisonment, the seizure must have been made "without lawful privilege." *Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011) (citing *Easton v. Sutter Coast Hosp.*, 80 Cal.App.4th 485, 496 (2000)). However, both claims will fail where the arresting officer has probable cause to believe a crime has been committed. *See Id.* (probable cause to arrest negates the "without lawful privilege" element of false imprisonment); *see also Acosta v. City of Costa Mesa*, 718 F.3d 800, 825 (9th Cir. 2013) (a seizure is reasonable for § 1983 purposes if supported by probable cause). Officer Walker arrested Mr. Johnson for "disturbing the peace," which requires require either malicious and willful disturbance of another or offensive words inherently likely to provoke violent reaction. Cal. Pen. Code §§ 415(2), (3).

The Johnsons jointly assert two causes of action against Code Officer Velazquez: a First Amendment free speech claim and a Bane Act claim for interference with free speech rights. The

4

First Amendment claim requires proof that Code Officer Velazquez "deterred or chilled [the Johnson's] political speech and such deterrence was a substantial or motivating factor in [Velazquez's] conduct." *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999); *see also Ford v. City of Yakima*, 706 F.3d 1188, 1193 (9th Cir. 2013) (referring to the "substantial motivating factor" as "a but-for cause"). Under the Bane Act, a claim may lie if the Johnsons prove Code Officer Velazquez interfered, or attempts to interfere, with their First Amendment rights "by threats, intimidation, or coercion." Cal Civ. Code § 52.1(b).

In the context of these four claims, the parties currently dispute the relevance and admissibility of three categories of facts: (I) mental health issues suffered by Mr. Johnson; (II) "surveillance" actions taken by Code Officer Velazquez subsequent to the seizure of the signs on November 30, 2015; and (III) damages suffered by Mrs. Johnson due to the seizure of the signs.

**I. Richard Johnson's "mental health issues"**

*Parties' Arguments*

Defendants maintain that any facts or argument regarding Mr. Johnson's alleged mental health issues should be excluded. They argue first that Plaintiffs have not produced any documents in discovery (per Fed. R. Civ. P. 37(c)(1)) to support their allegations, nor have they articulated what "mental illness" Mr. Johnson suffers from. They also dispute the relevance (under Fed. R. Evid. 401/402) of Mr. Johnson's "purported mental illness" as to the four claims. Finally, Defendants contend that if his "purported mental illness" is relevant, its probative value is substantially outweighed by the danger of unfair prejudice to Defendants, or by the potential for this evidence to confuse the issues, mislead the jury, or cause undue delay (per Fed. R. Evid. 403).

Plaintiffs contend that Defendants' knowledge of Mr. Johnson's "mental health issues" are relevant to show Officer Walker's intent in arresting Mr. Johnson, and relevant to show Code Officer Velazquez's intent to chill speech in seizing the signs and in continuing to surveil Plaintiffs. Plaintiffs state that should Defendants deny knowledge of Mr. Johnson's "mental health issues," they intend to call Dr. Jorge Urbina for the limited purpose of impeaching Defendants; Plaintiffs contend they informed Defendants of their intent to impeach by stating so in in Mrs. Johnson's discovery responses and by listing Dr. Urbina's name in their trial brief.

5

*Analysis*

Based on the scope of Plaintiffs' remaining claims, the Court finds that any facts or circumstances regarding Mr. Johnson's purported mental health issues are irrelevant. Plaintiffs generally assert that "Defendants' prior knowledge of [Mr. Johnson's] mental health issues goes to show the intent Defendants' had when taking the actions that are now in question . . . ." However, none of Plaintiffs' claims directly turn on Mr. Johnson's mental health status, and so any facts proffered in support of this contention are not directly relevant to the elements of his claims. True, Plaintiffs' claims against Officer Walker turn on whether the Officer had probable cause to arrest Mr. Johnson, and probable cause is evaluated "under all of the circumstances known to the officer at the time." See 9th Circuit Model Jury Instruction 9.23. However, the claims against Officer Walker ultimately focuses on whether an "objectively reasonable police officer would conclude there is a fair probability that the plaintiff . . . was committing a crime." *See id*. Thus, even assuming Officer Walker was aware that Mr. Johnson had any mental health issues, he would have the authority to arrest under Cal. Pen. Code § 415(2) or (3) if there was a fair probability Mr. Johnson was maliciously and willfully disturbing City Hall employees by unreasonably and loudly shouting at them, or whether Mr. Johnson used offensive words likely to provoke a violent reaction. Simply, probable cause here turns on Mr. Johnson's acts, not any belief as to any mental illness. *See Hampsmire v. City of Santa Cruz*, 899 F. Supp. 2d 922, 930 (N.D. Cal. 2012) ("An officer making an arrest under Section 415 based on 'loud shouting' must have probable cause to believe that there is a 'clear and present danger of imminent violence[.]'"). Further, it is also true that Plaintiffs two claims against Code Officer Velazquez, predicated on First Amendment violations, require Plaintiffs probe his intent in seizing the signs, and intent may be proven by circumstantial evidence. *See Arizona Students' Ass'n*, 824 F.3d at 867 (To make out a First Amendment claim under § 1983, a plaintiff has the burden to prove the chilling of plaintiff's speech "was a substantial or motivating factor in [the defendant's] conduct."); *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) ("[T]he Bane Act requires a specific intent to violate the [plaintiff's right."). However, relevant circumstantial evidence must focus on Velazquez's conduct, not Mr. Johnson's mental health. *See Denney v. Drug Enforcement Admin.*,

508 F.Supp.2d 815 (E.D. Cal. 2007) (inferring motive from defendant's initiation of an investigation into plaintiff's actions); *Fielder v. Murphy*, 359 F.Supp.2d 1055 (D. Hi. 2005) (motive inferred from defendant's statements and filing of a TRO after plaintiff accused defendant of selective enforcement and favoritism). Plaintiffs have presented no law, nor has the Court found any, indicating that a plaintiff's mental illness is circumstantially relevant to proving defendant's intent. Thus, the issue of Officer Walker's probable cause calculation is not made more or less probable by his alleged knowledge of Mr. Johnson's "mental health issues," nor is Code Officer Velazquez's intent in seizing the signs. Therefore, any evidence or argument regarding these "mental health issues" is irrelevant to Plaintiffs' claims. Fed. R. Evid. 401, 402.[3]

However, even assuming *arguendo* the mental health issue is somehow material to Plaintiffs' claims, the Court finds any such probative value minimal, and substantially outweighed by a danger of unfair prejudice, a confusion of the issues, or a potential to mislead the jury. Fed. R. Evid. 403. Plaintiffs' claims against Officer Walker turn on his probable cause determination, and the First Amendment claims against Code Officer Velazquez turn on his motivation in seizing the signs. Any discussion of Mr. Johnson's "mental health issues" would only serve to pull focus away from these purported acts—confusing the issues and potentially misleading the jury. Any verdict in Plaintiffs' favor grounded on sympathy engendered toward Mr. Johnson due to his "mental health" would unfairly prejudice Defendants. Fed. R. Evid. 403 counsels exclusion.

Defendants have requested the Court enter an order "[t]hat [neither] Plaintiffs nor their counsel may attempt to introduce any evidence or raise any argument regarding Plaintiff Richard Johnson's alleged mental health issues." Defendants also request the Court "exclude any witnesses who Plaintiffs anticipate will testify as to these matters," and "direct Plaintiffs' counsel to caution, warn, and instruct Plaintiffs' witnesses not to make any reference to such evidence and to follow the same order." Based on the reasoning above, these requests will be granted.

---

[3] This relevance determination includes any testimony from Dr. Urbina as to the existence of such "mental health" issues. Plaintiffs contend Dr. Urbina's testimony would be used "as needed" to impeach Officer Walker or Code Officer Velazquez—should they deny knowledge of Mr. Johnson's "mental health issues." However, since Mr. Johnson's mental health is not relevant, any offering of Dr. Urbina's testimony for impeachment purposes would go to a collateral matter, which the Court would exclude under Fed. R. Evid. 403. *United States v. Chu*, 5 F.3d 1244, 1249 (9th Cir. 1993) ("The district court has broad discretion over whether to admit extrinsic evidence to rebut a witness' direct testimony, particularly on a matter collateral to the case.").

## II. Surveillance by Officer Velazquez

*Parties' Arguments*

Defendants have moved to exclude (and Plaintiffs have moved for an affirmative ruling admitting) evidence and preclude argument regarding "any alleged surveillance by the City of their residence" between December 2, 2015 and February 9, 2016. Defendants contend this alleged fact is irrelevant to Plaintiffs' claims against Code Officer Velazquez.

Plaintiffs maintain such surveillance goes to show "the excessive contact and intimidations procedures used by [Code Officer] Velazquez in his interference with Plaintiffs' First Amendment rights." As such, Plaintiffs contend this fact is relevant to their Bane Act claim, which requires evidence of "threats, intimidation, or coercion."

*Analysis*

To adequately prove their Bane Act claim, Plaintiffs must prove Code Officer Velazquez "interfere[d] by threat, intimidation, or coercion, or attempt[ed] to interfere by threat, intimidation, or coercion," with their exercise of First Amendment rights. Cal. Civ. Code, § 52.1(a); *King v. State*, 242 Cal. App. 4th 265, 294 (2015). "[T]hreat involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm; intimidation involves putting in fear for the purpose of compelling or deterring conduct; and coercion is the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." *Bolbol v. Feld Entm't, Inc.*, 2013 WL 257133, at *10 (N.D. Cal. Jan. 23, 2013) (cleaned up). "[T]he egregiousness required by Section 52.1 is tested by whether the circumstances indicate the [defendant] officer had a specific intent to violate the [plaintiff's] right[.]" *Cornell v. City & Cty. of San Francisco*, 17 Cal. App. 5th 766, 801 (2017).

Plaintiffs maintain Code Officer Velazquez's attempts at intimidation and coercion are not limited to his seizure of the signs on November 30, and facts showing his continued surveillance of their residence after this incident is additional evidence of such intimidation. On this point, the Court agrees. Plaintiffs intend to prove Code Officer Velazquez specifically intended to interfere with their free speech right in an intimidating and coercive manner, and primarily intend to rely on his actions on November 30, 2015 in seizing the signs to show this. However, Plaintiffs also

apparently seek to demonstrate his intent and the depth of the intimidation or coercion by presenting to the jury his acts prior to and just after the seizure. These circumstances—Code Officer Velazquez's multiple trips to the Johnsons' residence after the seizure—are certainly material to, and have the potential to be probative of, whether Code Officer Velazquez intended to infringe Plaintiffs' free speech rights through intimidation or coercion. *See Orr v. California Highway Patrol*, 2015 WL 4112363, at *11 (E.D. Cal. July 8, 2015) (sufficient evidence demonstrating threatening, intimidating, or coercive behavior came in the form of the defendants actions on the day of the alleged violation—as well as his actions after the incident). Thus, exclusion of this proposed evidence would be unwarranted at this time.

Plaintiffs have moved to affirmatively admit this same evidence before trial. Preliminarily, it appears such purported "surveillance" undertaken by Code Officer Velazquez is potentially relevant to the "intent" element of Plaintiffs' First Amendment claim under § 1983. As stated in Section I above, motive may be proven by circumstantial evidence, and any actions taken by Code Officer Velazquez concerning the Johnsons' signs could very well demonstrate his intent to chill Plaintiffs speech was the but-for cause of his surveilling Plaintiffs' residence in the months after the seizure. *See Ford*, 706 F.3d at 1193 (referring to the "substantial motivating factor" as "a but-for cause"). Alternatively, Code Officer Velazquez may not have been attempting to chill the Johnsons' speech, and may have merely been documenting code violations as part of his regular duties. This is an issue for the jury, as motions in limine are not to be used to weigh evidence. *Goodman*, 963 F.Supp.2d at 1047 ("[A] motion in limine should not be used to resolve factual disputes or weigh evidence.") (cited approvingly by *Hana Bank*, 735 F.3d at 1162 fn. 4). However, since other objections may arise at trial that the parties have not raised, the Court will decline to grant Plaintiffs' motion to affirmatively admit this evidence, deferring any judgment on the matter until trial.

**III.    Damages suffered by Lori Johnson**

*Parties' Arguments*

Plaintiffs seek an affirmative ruling allowing evidence of damages incurred by Mrs. Johnson due to the seizure of the signs by Code Officer Velazquez. They maintain Mrs. Johnson is

a named plaintiff in the two First Amendment claims, is the co-owner of the residence, and suffered medical injury in the scuffle on November 30, 2015.

Defendants did not respond to this motion, but have previously argued such evidence should be excluded. See Doc. No. 46 at p. 11 (arguing the Court should exclude "any reference to damages relating to any injury caused to [Mrs.] Johnson as she is only a named Plaintiff in the [§ 1983 First Amendment claim] and there is no evidence nor allegation of how any alleged First Amendment Violation caused [her] any injury . . . .").

*Analysis*

A party "is not entitled to a definitive ruling on a motion in limine." *Bensimon*, 172 F.3d at 112. This is because "a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *Id*. (citing *Luce*, 469 U.S. at 41–42). The standards approvingly cited by the Ninth Circuit counsel that unless evidence is excludable on all potential grounds, courts should defer evidentiary rulings until trial "so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context." *See Hana Bank*, 735 F.3d at 1162 fn. 4 (citing *Goodman*, 963 F.Supp.2d at 1047). Further, "relevancy is not an inherent characteristic of any item of evidence[,] but exists only as a relation between an item of evidence and a matter properly provable in the case." *Sprint/United Mgmt. Co.*, 552 U.S. 379, 387.

Plaintiffs have requested an affirmation that proposed evidence of damages suffered by Mrs. Johnson should be admitted as to the Bane Act claim. Specifically, Plaintiffs argue in their motion in limine:

> Defendant Velazquez['s] actions in his attempts to harass, intimidate, threaten, and coerce Plaintiffs applies just as much to Plaintiff Lori Johnson as it does to Plaintiff Rick Johnson. The claim under California Civil Code section 52.1 extends to both Plaintiffs. Defendants continue to imply and attempt to narrow the case to apply only to Plaintiff Rick Johnson, but this is incorrect. Plaintiff Lori Johnson is co-owner of the property and was subjected to the actions of Defendants, just like Rick.

See Doc. No. 85 at p. 4. Defendants did not respond to this motion in limine. However, a more fundamental problem exists with Plaintiffs' request: Mrs. Johnson was not named as a plaintiff

10

for the fifth cause of action—the Bane Act claim, Cal. Civ. Code § 52.1, penalizing "attempts to intimidate, threaten or coerce." The Second Amended Complaint specifically lists Mr. Johnson as the only plaintiff in the Bane Act claim. See Doc. No. 27 at p. 16, ¶¶ 16-17. Therefore, any proposed evidence of Mrs. Johnson's damages would be completely immaterial to the Bane Act claim, and may not be offered in support of this particular claim at trial. Fed. R. Evid. 401, 402.

This is not to say that this evidence must be completely excluded at this time. Mrs. Johnson *was* named as a plaintiff under the First Amendment § 1983 claim, and though the relevance of the damages evidence to claim IV is not currently before the Court, it does not immediately appear irrelevant. *See Stilwell v. City of Williams*, 831 F.3d 1234, 1247 (9th Cir. 2016) ("[C]ompensatory damages in § 1983 suits may include not only out-of-pocket loss and other monetary harms, but also such injuries as 'impairment of reputation ..., personal humiliation, and mental anguish and suffering.'"). The Court will defer any such admissibility ruling until trial.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion in Limine #1, concerning the exclusion of evidence or argument regarding Plaintiff Richard Johnson's alleged mental health issues, is GRANTED;

2. Defendants' Motion in Limine #2, concerning the exclusion of evidence or argument of Code Officer Velazquez's alleged surveillance, is DENIED;

3. Plaintiffs' Motion in Limine #1, seeking a ruling affirmatively admitting Code Officer Velazquez's alleged surveillance, is DENIED

4. Plaintiffs' Motion in Limine #2, seeking a ruling affirmatively admitting Plaintiff Lori Johnson's damages due to the seizure of the signs, is DENIED.

IT IS SO ORDERED.

Dated: January 22, 2019

SENIOR DISTRICT JUDGE